### JENKINS *v.* LEFAIVER *et al.*

(*Supreme Court, General Term, Fourth Department.* February 11, 1890.)

EQUITY—REFORMATION OF CONTRACTS—CONFLICTING EVIDENCE.

  A contract may be reformed in a case of mutual mistake, though the evidence as to the existence of the mistake is conflicting.

Appeal from special term, Oswego county.

An action by Isaac G. Jenkins, as receiver of the firm of Bond & Jenkins, against Stephen Lefaiver and Ozro M. Bond, from that portion of a judgment which reformed two contracts between him and his co-defendant. Defendant Bond appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*W. A. Poucher*, for appellant.     *W. H. Kenyon*, for respondent.

MARTIN, J. An important question in this case is whether the evidence was sufficient to justify the referee in directing judgment for the reformation of the written contracts made between the appellant and respondent, November 7 and November 10, 1885. That written instruments may be reformed in cases of mutual mistake, in cases of fraud, and where there is a mistake on one side and fraud on the other, seems to be well settled. In a recent case this court examined the authorities bearing upon the question, and we then held: "(1) That in cases of mistake or of fraud, or where there is a mistake by one party and fraud by the other, a court of equity is authorized to, and upon proper proof should, reform the written contract between the parties; (2) that, in case of mistake, the mistake must be a mutual one,—one in which both parties are involved,—so that the contract, as written, fails to carry out the intention or understanding of either; (3) that, to justify a reformation of a written contract on the ground of mutual mistake, the evidence should be clear and convincing, and such as to leave no reasonable doubt as to the existence of the mistake alleged." *Devereux* v. *Sun Fire Office*, 4 N. Y. Supp. 655. In that case it was also held that the fact that there was a conflict in the evidence was not a bar to the relief sought. Having so recently examined this question, we do not deem it necessary at this time to further examine or discuss the authorities bearing upon it. An examination of the appeal-book in this case has led us to the conclusion that the evidence was sufficient, within the rules stated, to uphold the finding of the referee that the written contracts between the appellant and respondent were not in conformity with the agreement and understanding of the parties, and that the omission to fully set forth in such contracts the full agreement and understanding arose from a mutual mistake of the parties, and to justify him in holding that the respondent was entitled to the relief sought, and in directing a judgment for the reformation of such contracts in the particulars stated in the findings and judgment herein. We have also examined the other exceptions in the case to which our attention has been called by the appellant, but have failed to find any that would seem to justify a reversal of the judgment. Judgment affirmed, with costs. All concur.